IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JOHN COLE,
:
:
    Petitioner
:
:
  v.
:   CIVIL NO. 4:CV-13-2205
:
SUPERINTENDENT BICKEL,
:   (Judge Brann)
:
    Respondent
:

## **MEMORANDUM**

September 3, 2013

**Background**

    This pro se habeas corpus action pursuant to 28 U.S.C. § 2254 was initiated by John Cole, an inmate presently confined at the State Correctional Institution, Huntingdon, Pennsylvania (SCI-Huntingdon). Named as Respondent is SCI-Huntingdon Superintendent Bickel.[1] Accompanying the Petition is an in forma pauperis application will be granted solely for the purpose of the filing of this action with this Court. Service of the Petition has not yet been ordered.

    Cole states that he was convicted on February 2, 2007 of first degree murder, conspiracy, possession of an instrument of crime, and recklessly

---

[1] The only properly named Respondent in a federal habeas corpus action is Petitioner's custodial official. See 28 U.S.C. § 2242.

endangering another person following a jury trial in the Court of Common Pleas of Berks County, Pennsylvania. He was sentenced to a term of life imprisonment plus 20 to 40 years..

Petitioner's pending action challenges the legality of his conviction on the grounds that there was insufficient evidence to support his murder conviction; the verdict was contrary to the weight of the evidence; improper denial of his motion to suppress identification testimony; and ineffective assistance of trial counsel.

## **Discussion**

A § 2254 habeas corpus petition may be filed in the district where the applicant is confined or in the district where he was convicted. Fletcher v. Rozum, 2008 WL 2609826 * 2 (E.D. Pa. 2008). 28 U.S.C. § 2241(d) provides:

> (d) Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

Cole is attacking the legality of a conviction which occurred in the Court of Common Pleas of Berks County, which is located within the jurisdiction of the

United States District Court for the Eastern District of Pennsylvania. See 28 U.S.C. § 118.

As noted above, under § 2241(d), the district court for the district in which a habeas petition is filed "in the exercise of its discretion and in furtherance of justice may transfer the application." Moreover, 28 U.S.C. § 1404(a) states, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A district court may transfer a habeas petition pursuant to § 1404(a). See In re Nwanze, 242 F.3d 521, 526, n. 2 (3d Cir. 2001)(§ 1404(a) applies to transfers of habeas corpus petitions); Fletcher, 2008 WL 2609826 at * 2.

Since the state trial court where Cole's conviction occurred, as well as any records, witnesses and counsel, are located within the United States District Court for the Eastern District of Pennsylvania, it would be prudent to transfer this action to the Eastern District. An appropriate Order will enter.

                BY THE COURT:

                s/Matthew W. Brann
                Matthew W. Brann
                United States District Judge